IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY MIX,

      Plaintiff,

vs.                                  No. 24-cv-1119 SMD/SCY

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Johnny Mix's Prisoner's Civil Complaint, filed in State Court on June 24, 2024. (Doc. 1-1) at 4-13 ("Complaint"). Plaintiff is proceeding *pro se* and was incarcerated at the Southern New Mexico Correctional Facility when he filed the Complaint. Also before the Court are the following motions: (1) Motion to Stay Discovery (Doc. 4), Motion to Dismiss (Doc. 5), and Motions to Strike (Docs. 9 and 18), filed by Defendants New Mexico Corrections Department, Tafoya, Sigala, and Martinez (collectively, "NMCD Defendants"); and (2) Plaintiff's Motions for Admission (Docs. 14 and 17). Having reviewed the parties' briefing, the record of the case, and relevant law, the Court will dismiss the Complaint and grant Plaintiff leave to amend.

## I.    Background

Plaintiff alleges that "approximately around March or April of 2023" he was transported to the Southern New Mexico Correctional Facility ("SNMCF") where he received inadequate medical care. (Doc. 1-1) at 6-7. Plaintiff asserts generally that NMCD and Wexford do not provide sufficient medical personnel or medical care. *Id.* at 7-12. Plaintiff makes the specific allegation

that he was not provided diabetic socks and prosthetic shoes for his amputated feet for approximately a year after his transfer to SNMCF.  *Id.* at 7-8.

Plaintiff brings claims under the New Mexico Tort Claims Act, the Eighth Amendment, and the Americans with Disabilities Act.  *Id.* at 4, 10-12.  He names as Defendants: the New Mexico Corrections Department ("NMCD"); Wexford Health Services, Inc. ("Wexford"); David Saavedra, Wexford medical administrator; an unnamed Wexford CEO/representative; Alisha L. Tafoya, NMCD Secretary of Corrections; New Mexico Governor Michelle L. Grisham; New Mexico Attorney General Raul Torrez; unnamed Wexford medical records personnel; E. Castrejon and FNU Andrade, Wexford medical providers or physicians; Ronald Martinez, SNMCF Warden; and Joshua Sigala, SNMCF grievance officer. *Id.* at 4-6.  Plaintiff seeks $750,000 for his damages. *Id.* at 12.

On October 31, 2024, NMCD Defendants removed the case to this Court on the basis of federal question jurisdiction.  (Doc. 1).  NMCD Defendants then moved to stay discovery and to dismiss Plaintiff's claims based on qualified immunity and for failure to state a claim under Rule 12(b)(6).  (Docs. 4 and 5).

## II.    <u>NMCD Defendants' Motion to Stay Discovery</u>

NMCD Defendants seek a stay of discovery until their Motion to Dismiss based on qualified immunity is resolved.  (Doc. 4).  By statute, the Court must screen all civil complaints where, as here, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A.  *Sua sponte* dismissal is required where the complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. 28 U.S.C. §1915A(b).  Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by a prisoner until the Court orders a response.   42 U.S.C.

§1997e(g)(1)-(2).  Prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules.  *See* D.N.M.LR-Civ. 16.3(d).

Consistent with these authorities, Defendants are not required to take further action in this case until after the initial review process is complete.  The Court will grant the Motion to Stay (Doc. 4) in part to the extent it applies to Defendants' pre-screening obligations.  Defendants are not required to respond to Plaintiff's filings or engage in discovery unless and until this Court orders otherwise.  The proceedings will not be entirely stayed, however, as the Court will continue to work on the case and review the existing filings.  If Plaintiff's claims survive initial review, the Court will enter a separate order setting a deadline for Defendants to file an answer

### III.    Standards Governing Initial Review of Prisoner Complaints

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer.  *See* 28 U.S.C. § 1915A(a).  The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable

to the plaintiff.  *Id.* at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  *Id.* at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.* Nevertheless, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id.*  If the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile.  *Id.*

## IV.    <u>Discussion</u>

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.  In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice

as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Applying these standards, the Complaint fails to state a cognizable constitutional claim against the named Defendants. The Tenth Circuit has expressly held that NMCD is "not [a] ... 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999). Corporations "to whom the state delegates its penological functions," such as Wexford, can be held liable for constitutional violations. *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003). However, a private corporation cannot be held vicariously liable for its employee's alleged constitutional violations under § 1983. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private actor 'cannot be held liable solely because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a *respondeat superior* theory.'"). Instead, to establish corporate liability under § 1983, "a plaintiff must show: 1) the existence of a ... policy or custom[;] and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Plaintiff has not alleged that any particular policy promulgated by Wexford caused the alleged deprivation of medical care.

In addition, Plaintiff's allegations do not tie any individual Defendant to the alleged wrongdoing. Plaintiff states he submitted grievances to Defendants Sigala and Martinez, some of which were not answered or resolved. However, Plaintiff does not specify which grievances were left unresolved. *See* (Doc. 1-1) at 7. Moreover, Plaintiff cannot maintain a constitutional claim for Defendants' mishandling of the prison grievance process. *See Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) (Alleged violations of prison regulations are not cognizable under § 1983.); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

5

Plaintiff also alleges he has suffered pain and injuries due to medical staff failing to timely order diabetic socks and prosthetic shoes and failing to perform appropriate measurements of Plaintiff's feet prior to ordering the shoes. (Doc. 1) at 7-8. Plaintiff names two medical providers as Defendants, but he does not state their roles or what acts are attributable to them. Indeed, Plaintiff fails to identify with any specificity any Defendant who knew about, and disregarded, his symptoms or conditions. The pleading standard requires a plaintiff to specify the wrongful conduct of the individual state actors. *See Robbins*, 519 F.3d at 1250 (referring collectively to the wrongdoing of defendants "with no distinction as to what acts are attributable to whom, [makes it] impossible for any of the[] individuals to ascertain what particular unconstitutional acts they are alleged to have committed"). While Plaintiff alleges Defendant Saavedra is liable for the medical staff's failures due to his position as a supervisor, "a defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty*, 523 F.3d at 1162; *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (to plead supervisor's liability, plaintiff must show he or she personally directed alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it). Consequently, Plaintiff's claims against Defendant Saavedra and the named and unnamed medical providers are not sufficient to show personal participation in the challenged acts. The Complaint therefore fails to state a federal constitutional claim against any named Defendant.

In addition, Plaintiff fails to state a claim under the Americans With Disabilities Act ("ADA"). The ADA prohibits discrimination based on disability in the availability of a public entity's services, programs, or activities. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). In order to state a cognizable claim under the ADA, Plaintiff must allege facts that demonstrate "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or

denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007); *Simon v. Burtlow*, 2021 WL 11690705, at *3 (D. Colo.). Plaintiff does not allege that he was denied the benefits of services, programs, or activities by reason of his disability or that he was discriminated against based on his need for prosthetics. Moreover, the ADA does not provide a remedy for medical negligence or a means to challenge "purely medical decisions" regarding the propriety of a course of treatment. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *Rashad v. Doughty*, 4 Fed. App'x 558, 560 (10th Cir. 2001) ("The failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute and ADA violation.").

Based on the foregoing, the Court will grant Defendants' Motion to Dismiss (Doc. 5) in part and dismiss the Complaint (Doc. 1-1) without prejudice for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file a single amended complaint on the proper form § 1983 complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. Plaintiff is reminded that the amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original). "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.* Plaintiff is further reminded that if he wishes to name an entity or a prison supervisor, such defendants cannot be liable under § 1983 for the actions of their employees.

*See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).   The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).  If Plaintiff does not know and cannot learn the names of the alleged wrongdoers, he may use unnamed (*i.e.*, Jane or John Doe) defendants, but he must provide an adequate description "sufficient to identify the person involved so process eventually can be served."  *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

In addition, to state a viable Eighth Amendment claim, Plaintiff must plead facts that satisfy standards governing the objective and subjective elements of the claim.  *See Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  This requires that "the deprivation alleged must be, objectively, sufficiently serious," meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  This also requires Plaintiff to establish that the defendant had a sufficiently culpable state of mind, meaning the defendant knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

Plaintiff is finally advised that any amendment will supersede the Complaint and must include all federal and state claims he wishes to pursue in this case.  If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.  The Court will deny all remaining pending motions (Docs. 9, 14, 17, 18) without prejudice, as an amended pleading renders them moot.  *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It

8

is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").  If Plaintiff files an amended complaint, Defendants may file another motion to dismiss.

**IT IS THEREFORE ORDERED** that:

1.     NMCD Defendants' Motion to Stay Discovery (**Doc. 4**) and Motion to Dismiss (**Doc. 5**), are **GRANTED in part** as set forth above;

2.     NMCD Defendants' Motions to Strike (**Docs. 9** and **18**), and Plaintiff's Motions for Admission (**Docs. 14** and **17**) are **DENIED without prejudice as moot**;

3.     Within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that complies with the above instructions; and

4.     Failure to timely comply with this Memorandum Opinion and Order may result in dismissal of this action without further notice.

**SO ORDERED.**

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE